THOMAS J. STEWART & *als. versus* TIMOTHY REED & *al.*

The defendants chartered a brig, owned by the plaintiffs, "for a voyage from Bangor to Palermo and Messina, in the island of Sicily, and back to Boston or New York," for which they agreed to pay as follows: — "thirty-eight hundred dollars and all port charges, including consul's fees, interpreter's fees, and lighterage; and, if said brig is required to go to the second port before named, thirty-nine hundred and fifty dollars, and all port charges as above." The voyage was performed according to the written directions of the defendants, from Bangor to Messina, without calling at Palermo, and thence back to Boston; — *It was held,* that Messina was the "second port named" in the charter party, and that the plaintiffs were entitled to recover the sum of thirty-nine hundred and fifty dollars.

ASSUMPSIT upon account annexed, with the money counts. The plaintiffs claimed the sum of $3950, as due from the defendants, under a charter party, dated Oct. 22, 1856. The contract was not under seal. The defendants hired the brig Mary Stewart, owned by the plaintiffs, "for a voyage from Bangor to Palermo and Messina, in the island of Sicily, and back to Boston or New York." The vessel was to take "a full cargo of box shooks and dry lumber at Bangor, and a cargo of Sicily produce at Sicily." The defendants were to pay the sum of "thirty-eight hundred dollars, and all port charges, including consul's fees, interpreter's fees, and lighter-

age; and, if the brig [was] required to go to the second port, before named, thirty-nine hundred and fifty dollars, and all port charges, as above." And there were other stipulations in regard to the number of lay days, and demurrage.

The voyage was performed, under the written directions of the defendants. The vessel sailed directly from Bangor to Messina, passing by the harbor of Palermo without calling. The port of Messina is about two hundred miles beyond Palermo, by the coast line, and it was proved to be worth more to go there for that reason. It was also in evidence that, at both of the Sicilian ports, there are consul's fees, and interpreter's fees, but there are no such charges for an American vessel in New York.

The plaintiffs claimed the larger sum, $3950, on account of the vessel's having gone to Messina instead of Palermo. But the defendants contended that the vessel was bound, if required by them, to go to *both* of these ports, and that the alternative stipulation, in regard to freight, depended upon the return of the vessel to Boston or to New York. As she returned to Boston, they declined to pay more than $3800.

The case was brought to this Court on REPORT by APPLETON, J.

*Sanborn* argued for the defendants.

The brig, on her outward voyage, was to go to " Palermo *and* Messina." On her voyage homeward, she was to go to " Boston *or* New York." Palermo *and* Messina were the terminus of the one, and Boston *or* New York was the terminus of the other. She was bound, if required, to go to *both* of the former, but to only *one* of the latter. The former was fixed by the charter party; the latter was not fixed, but was to be determined by the choice of the defendants. Hence the stipulation, that " if said brig is required to go to the second port, before named," referred to Boston and New York, between which the defendants had the right of election. Of these, New York was the " second"; and, as the return voyage was made to Boston, the plaintiffs were entitled to recover only $3800.

The counsel for the plaintiffs contends that "and," connect-ing "Palermo" and "Messina", should be construed "or". This is sometimes done, where it is apparent from other parts of the instrument, that such was the intention of the parties. *Jackson* v. *Topping*, 1 Wend. 388; *Jackson* v. *Blanchan*, 6· Johns. 54. But in this charter party no such intention is ap-parent. It is clear that the parties intended that the vessel should go to both of the foreign ports, and only one of the home ports.

*Peters*, for the plaintiffs.

The opinion of the Court was delivered by

HATHAWAY, J.—The plaintiffs chartered the brig Mary Stew-art of Bangor, to the defendants, for a voyage, "from Bangor to Palermo and Messina, in the island of Sicily, and back to Boston or New York," for the freight of thirty-eight hundred dollars, and all port charges, including consul's fees, interpre-ter's fees and lighterage, and, if said brig was required to go to the *second port,* before named, thirty-nine hundred and fifty dollars, and all port charges, *as above.*" It was also stipulated that "the party of the second part shall be allowed for the loading and discharging of the vessel, at the respective ports aforesaid, lay days, as follows; that is to say,—dispatch at Bangor and Boston or New York,—twenty-five running lay days in both ports, in Sicily."

The case finds that, "by the written directions of the de-fendants, the brig went from Bangor to Messina, and back to the port of Boston, and performed *the voyage,* to the satisfac-tion of the defendants, and in pursuance of their directions of the same."

The question presented is whether, by the true construction of the charter party, "*the second port*" mentioned therein was Messina or New York. The plaintiffs contend that it was Messina, and the defendants insist that it was New York.

It was, obviously, contemplated by the parties that the brig might be required to go to one only of the ports in

Sicily. She went to but one, and to that by the defendants' written directions.

It is equally obvious that she might have been required to go to both ports in Sicily. There was a provision, in the charter party, for "twenty running lay days, in both ports in Sicily."

The charter party is in the form usual in such cases, and its plain meaning is that, as to her ports of destination, the brig should be under the direction of the defendants, limited to the ports specified, and that she should go to both ports, in Sicily, or either, and return to Boston or New York, as the defendants should require.

The stipulation for extra freight was, "if said brig is required *to go* to the second port before named." The brig was bound to go to Sicily "and back to Boston or New York." To go back is to return. The construction contended for by the defendants would not be in accordance with the common use of language. The port, to which the brig might be required *to go*, was one in which consul's fees, interpreter's fees and lighterage were to be paid; and the case finds that such charges were required to be paid in Messina, but none such, for an American vessel, in New York; and besides, by looking at the charter party, it will be perceived that Messina was *literally*, "the *second* port, before named," therein. The case is free from doubt.

TENNEY, C. J., and APPLETON, CUTTING, and GOODENOW, J. J., concurred. RICE, J., dissented.